WESTERN DISTRIBUTING CO. *v.* PUBLIC SERVICE COMMISSION OF KANSAS ET AL.

No. 337.   Argued January 14, 1932.—Decided February 29, 1932.

Mr. *Robert D. Garver,* with whom Mr. *Robert Stone* was on the brief, for appellant.

*Mr. Earl H. Hatcher,* with whom *Mr. Charles W. Steiger* was on the brief, for appellees.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The appellant, a West Virginia corporation, owns and operates a distribution system for natural gas in Eldo-

rado, Kansas. August 17, 1920, rates for supplying local consumers were fixed by order of the Court of Industrial Relations of the State of Kansas, the body then vested with authority in the premises. July 30, 1929, the company filed application with the Public Service Commission, one of the appellees, for an increase, averring that the existing rates were insufficient to produce a fair return, and asking an investigation and the establishment of such as would be just and equitable.

When the order of 1920 was made the appellant was purchasing gas, delivered at the city gate, from Cities Service Gas Company, and it still obtains its supply from the same company. The current price is forty cents per thousand cubic feet, which is paid under a day-to-day verbal contract. This rate was originally established by the Public Utilities Commission of Kansas in March, 1923, but its order in that behalf was subsequently rescinded for the reason that Cities Service Gas Company is an interstate carrier and not subject to regulation by the state. The forty cent rate, therefore, is not fixed pursuant to the order or leave of any public authority.

Cities Service Gas Company is the owner and operator of interstate pipe lines and sells natural gas therefrom to various distributing companies. The present corporate relation between appellant and Cities Service Gas Company is as follows: The common stock of appellant is owned by Gas Service Company, the capital stock of which is in turn owned by Cities Service Company. The common stock of Cities Service Gas Company is owned by Empire Gas & Fuel Company, a controlling interest in the capital stock of which is owned by Cities Service Company. In 1923, when the forty cent rate was put into effect, the distributing companies, including the appellant, were not affiliated with the pipe-line company, but in the following years Gas Service Company has acquired control of the appellant and other local distributing com-

panies which are dependent on the pipe line for their supply of natural gas.

Appellant submitted to the Commission a valuation of the property on which a fair return should be earned. The showing was that there were no net earnings on this value, but an annual loss of approximately $40,000. The total expenses of operation and maintenance of the property for the year ending November 30, 1930, according to the evidence, were $283,049.07, of which far the largest item, $176,260.32, was for gas purchased. In view of these facts, the Commission insisted that in order to determine the reasonableness of the requested increase in retail charges, inquiry must be made as to the propriety of the forty cent rate. The company declined to make any showing with respect thereto, claiming that the Commission was bound to allow it as a proper element of cost in fixing the new retail scale. The Commission dismissed the proceeding. The appellant then filed a bill in the District Court to restrain the further enforcement of the order of August 17, 1920, or the existing rates thereby established, and to enjoin the Commission from interfering with the charging of reasonable rates until such time as some lawful authority, acting in conformity with law, should approve a new schedule, and to prevent the Commission, its members and representatives, from instituting or prosecuting in any court or tribunal proceedings to litigate any of the matters involved in the hearings before the Commission. After answer by the appellees the matter was heard before a court of three judges, constituted as required by § 266 of the Judicial Code, on the pleadings and proofs submitted, and the bill was dismissed on the ground that the appellant had not exhausted its remedy before the Commission. Thereupon this appeal was taken.

*First.* The appellant asserts that the rate charge by the pipe-line company for gas delivered at the city gate is an interstate rate and not the subject of regulation by any

state authority. The soundness of this contention is conceded by the appellees. But the appellant argues that any inquiry by the state commission into the reasonableness of this charge amounts to an indirect attempt at regulation, an effort on the part of the state to circumvent the paramount federal authority over interstate commerce, and hence an attempt to do by indirection what is forbidden by the Federal Constitution. The appellees disclaim any intent to control rates charged for interstate service, but say that as the Commission's function is to set reasonable rates for the intrastate service rendered by appellant in the city of Eldorado, this necessarily requires a determination of the question whether the price paid for the gas distributed is fair and reasonable. To this end the Commission insists upon its authority to make such investigation as will satisfy it upon this point.

Having in mind the affiliation of buyer and seller and the unity of control thus engendered, we think the position of the appellees is sound, and that the court below was right in holding that if appellant desired an increase of rates it was bound to offer satisfactory evidence with respect to all the costs which entered into the ascertainment of a reasonable rate. Those in control of the situation have combined the interstate carriage of the commodity with its local distribution in what is in practical effect one organization. There is an absence of arm's length bargaining between the two corporate entities involved, and of all the elements which ordinarily go to fix market value. The opportunity exists for one member of the combination to charge the other an unreasonable rate for the gas furnished and thus to make such unfair charge in part the basis of the retail rate. The state authority whose powers are invoked to fix a reasonable rate is certainly entitled to be informed whether advantage has been taken of the situation to put an unreasonable burden

upon the distributing company, and the mere fact that the charge is made for an interstate service does not constrain the Commission to desist from all inquiry as to its fairness. Any other rule would make possible the gravest injustice, and would tie the hands of the state authority in such fashion that it could not effectively regulate the intrastate service which unquestionably lies within its jurisdiction.

The principles applicable in a rate investigation, where similar corporate relationship existed, were recently announced in *Smith* v. *Illinois Bell Telephone Co.*, 282 U. S. 133, 152–153, and no purpose would be served by repetition or elaboration of what was there said.

*Second.* It was shown that in proceedings in the state courts of Kansas and in the United States District Court for Kansas, the forty cent wholesale rate had quite recently been held reasonable with respect to sales at the gates of other cities. The decisions in those cases were put in evidence before the Commission, and the contention is that these constituted at least a *prima facie* case for the propriety of the same rate at the city gate of Eldorado. The city, though a party to this proceeding, was not such in the cases mentioned. Obviously it is not bound by the findings made with respect to other cities and towns. Nor is the Commission so bound, for it is admitted that the reasonableness of the rate as respects Eldorado was not in issue in the earlier cases. How much weight the Commission should give to these adjudications we need not here determine. What we do hold is that they do not make a *prima facie* case in support of the charge under attack.

*Third.* The appellant adverts to the fact that in its bill of complaint are included a number of averments not denied by the appellees. In brief these are that the company does not own or produce any natural gas; that the only source of supply for the city of Eldorado is the main

of the Cities Service Gas Company; that no supply at a lower price can be obtained from any other source; that the same rate is being charged to other distributing companies along the lines of the Cities Service Gas Company, and was being charged by another independent pipe line to another city; that an ineffectual effort had been made to find local gas available to Eldorado; and that appellant had attempted to get a lower rate from Cities Service Gas Company but could not do so. It is urged that as these averments were uncontradicted they constitute, when taken with the facts previously stated, a *prima facie* case for the reasonableness of the rate charged. This might well be true were it not for the fact of unity of ownership and control of the pipe line and the distribution system. An averment of negotiation and effort to procure a reduction in the wholesale rate means little in the light of the fact that the negotiators are both acting in the same interest,—that of the holding company which controls both. All of these facts so averred in the pleadings would be far more persuasive with respect to the propriety of the rate if the parties were independent of each other and dealing at arm's length. Where, however, they constitute but a single interest and involve the embarkation of the total capital in what is in effect one enterprise, the elements of double profit and of the reasonableness of inter-company charges must necessarily be the subject of inquiry and scrutiny before the question as to the lawfulness of the retail rate based thereon can be satisfactorily answered.

*Fourth.* The argument is made that the proofs demanded by the Commission will involve an extensive and unnecessary valuation of the pipe-line company's property and an analysis of its business, and that this burden should not be thrown upon appellant. Whether this is so we need not now decide. It is enough to say that in view of the relations of the parties, and the power implicit

therein arbitrarily to fix and maintain costs as respects the distributing company which do not represent the true value of the service rendered, the state authority is entitled to a fair showing of the reasonableness of such costs, although this may involve a presentation of evidence which would not be required in the case of parties dealing at arm's length and in the general and open market, subject to the usual safeguards of bargaining and competition.

The judgment of the court below was right and it is

*Affirmed.*